The Gulf, Colorado & Santa Fe Railway Company
v. Thomas C. Pierce.

No. 163.

## Liability of Railway for Act of Employe.

> A brakeman on a freight train in line of duty opened a switch, and leaving it open fell asleep. A passenger train was diverted from the main track by the open switch, and a collision ensued. Plaintiff, who was conductor on the passenger train, leaped from it to avoid approaching danger, and was injured. It seemed that the inefficiency of the brakeman was known to the company. *Held*, that the railway company was liable for the injury................................................ 145

Error to Court of Civil Appeals for Second District, in an appeal from Denton County.

*J. W. Terry* and *West & Cochran*, for plaintiff in error.

*Alexander & Clark* and *J. W. Terry*, also for plaintiff in error.

*Stuart & Lewis*, for defendant in error.

BROWN, Associate Justice.—J. A. Miller was in the employ of the Gulf, Colorado & Santa Fe Railway Company as a brakeman on a freight train which arrived at Wynnewood, Indian Territory, and went in on the side track. It was Miller's duty to adjust the switch for the main track, but he failed to do so. Plaintiff, Pierce, was in the employ of the same company as conductor on a passenger train which arrived at the same station on the same day, after the arrival of the freight train. The switch being thrown for the side track, the passenger train ran in on it, instead of keeping to the main track, as it should have done, and a collision occurred between the passenger and freight trains. Pierce seeing that the collision was imminent, jumped from the platform or steps of the passenger coach, and his leg was broken, which made amputation of the limb necessary. He sued the railroad company for damages, alleging, that Miller was in the employ of the said railroad company as brakeman on the freight train, and that he negligently left the switch so as to run the passenger train on the side track, causing the collision and injury to the plaintiff. The petition also alleged, that Miller was incompetent to perform the duties of brakeman, and that his unfitness was known to the defendant. It was not definitely alleged that Miller was required by his employment to adjust the switch.

The railroad company interposed a general demurrer and special exception in this language: "Specially excepting, the defendant says it [the petition] states no facts that render it liable for the misconduct of

J. A. Miller or that it authorized such conduct." The court overruled the exception and general demurrer. Defendant pleaded a general denial and special answer which it is not necessary to notice.

Upon trial judgment was rendered against the railway company, which was affirmed by the Court of Civil Appeals. A number of objections are urged against the judgment of the Court of Civil Appeals, but upon an inspection of the record we conclude that the judgment is correct, and the carefully prepared opinion of the chief justice of that court disposes of each objection in a satisfactory manner, so that it is unnecessary for this court to add to what has been said.

The record shows that defendant introduced in evidence one of its rules, which contains the following: "Conductors will be held responsible for the proper adjustment of the switches used by them and their trainmen, except where switch tenders are stationed. Running switches are strictly prohibited. Whoever opens a switch shall remain at it until it is closed, unless relieved by some other competent employe."

It is plain that this rule required the trainmen to adjust switches where there were no switchmen stationed, and it is not shown that there was a switchman at this station. Conductors were held responsible; that is, required to see that the trainmen obeyed instructions in the use of the switches. The evidence, which was properly admitted, shows how the order was executed; that is, that brakemen adjusted the switches at such stations.

When the plaintiff jumped from the passenger train, he alighted on a man lying near the switch, whom he afterwards recognized and heard him called Miller. Miller was a brakeman on this train, was seen near the place of accident by others who knew him, and there was but one man present of that name; at least the evidence shows no other.

The conclusion can not be resisted that Miller was discharging a duty as brakeman in throwing the switch, and that he was, in obedience to the rule shown in evidence, remaining at his post, but by reason of his infirmity, of which the railway company had notice, had fallen asleep and failed to throw the switch for the main track, which resulted in the injury to plaintiff.

There is no error in the judgment of the District Court nor of the Court of Civil Appeals, and both judgments are affirmed.

*Affirmed.*

Delivered June 14, 1894.